UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SUSAN E. P., | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| v. | )  No. 1:20-cv-00402-NT |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*,[1] | ) |
| | ) |
|     **Defendant** | ) |

### REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ's residual functional capacity (RFC) finding is unsupported by substantial evidence because it did not address the functional limitations associated with her severe impairment of chronic pain syndrome. *See* Statement of Specific Errors ("Statement of Errors") (ECF No. 23) at 3. I conclude that the ALJ's decision is supported by substantial evidence and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

through December 31, 2010, Finding 1, Record at 17; that, through her date last insured for benefits (DLI), she had the severe impairments of chronic pain syndrome, bilateral cervical radiculopathy status post-ACDF C5-7 procedure, and recurrent left rotator cuff tear, Finding 3, *id*. at 18; that, through her DLI, she had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she could stand and walk for a total of six hours each day, sit for six hours per day, occasionally push and pull with her bilateral upper extremities, never climb ladders, ropes, or scaffolds, never crawl, occasionally overhead reach, frequently handle and finger, and needed to avoid concentrated exposure to temperature extremes, humidity, vibration, and vibrating tools, Finding 5, *id*. at 20; that, considering her age (49 years old, defined as a younger individual, as of her DLI, December 31, 2010), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 24; and that she, therefore, had not been disabled from March 10, 2007, her alleged onset date of disability, through December 31, 2010, her DLI, Finding 11, *id*. at 25. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than any past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff contends that the ALJ failed to account for her severe chronic pain syndrome as either a mental or physical impairment.  *See* Statement of Errors at 6-7.  As concerns mental impairments, the ALJ determined that the plaintiff had a "medically determinable mental impairment of adjustment disorder [that] did not cause more than minimal limitation in [her] ability to perform basic mental work activities and was therefore nonsevere."  Record at 18.  She deemed the opinions of agency nonexamining consultants Brian Stahl, Ph.D., on initial review and Thomas Knox, Ph.D., on reconsideration that the plaintiff had no severe mental impairment "highly persuasive[,]" noting that, although the plaintiff had also undergone a consultative examination with Robert J. Ferguson, Ph.D., "no specific functional limitations were noted."  *Id*. at 19, 95, 106-07, 357-63.

In assessing the plaintiff's physical impairments, the ALJ explained that she found the opinions of agency nonexamining consultants Jennifer Rogers Marshall, M.D., on initial review and Donald Trumbull, M.D., on reconsideration "highly persuasive[,]" the opinion of Stephan Bamberger, M.D., who conducted a workers' compensation examination of the plaintiff, "persuasive," and the opinion of Michael W. Mainen, M.D., who also conducted a workers' compensation examination of the plaintiff, "highly persuasive."  *Id*. at 22-23.  As the plaintiff

notes, *see* Statement of Errors at 6-7, the ALJ adopted RFC limitations that largely track those assessed by Drs. Marshall and Trumbull, *compare* Finding 5, Record at 20 *with id*. at 96-99, 108-10.

The plaintiff argues that the ALJ erred when she gave the medical opinions of Drs. Mainen and Bamberger "significant weight" but "provided no explanation for her failure to evaluate their opinions regarding the functional limitations emanating from the chronic pain syndrome." Statement of Errors at 10. She elaborates that:

1. Although the "ALJ's RFC essentially mirrors the limitations identified by Drs. Marshall and Trumbull[,]" neither Dr. Marshall nor Dr. Trumbull purported to assess any limitations stemming from chronic pain syndrome, instead referencing the plaintiff's cervical spine and left shoulder impairments. *Id*. at 6-7.

2. The ALJ did not account for chronic pain syndrome as a mental impairment, crediting the assessments of Drs. Stahl and Knox that the plaintiff had one nonsevere mental impairment of adjustment disorder. *See id*. at 7, 10-11. In finding only a mild limitation in concentration, persistence, or pace, the ALJ noted that providers had attributed several instances of concentration difficulties to the plaintiff's "ongoing pain rather than . . . her mental health limitations[,]" yet she never quantified those difficulties or explained how they were addressed in her RFC finding. *Id*. at 11 (quoting Record at 18).

3. No agency nonexamining consultant had the benefit of review of more than 1,000 pages of subsequently-added records, including those of Drs. Bamberger and Mainen, as a result of which their opinions cannot stand as substantial evidence of the ALJ's RFC finding. *See id*. at 7-10.

4

The plaintiff asserts that, against this backdrop, the ALJ effectively conceded that the opinions of the agency nonexamining consultants could not stand as substantial evidence of her RFC and impermissibly construed raw medical evidence to fill the gap. *See id*. at 7, 13 (citing *Staples v. Berryhill* ("*Lisa Staples*"), No. 1:16-cv-00091-GZS, 2017 WL 1011426 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017)). She argues that, as this court concluded on "remarkably similar" facts in *Katherine R. H. v. Saul*, No. 1:19-cv-00126-GZS, 2020 WL 529689 (D. Me. Feb. 14, 2020) (rec. dec., *aff'd* Feb. 21, 2020), remand is required. *Id*. at 13. I am unpersuaded.

As a threshold matter, to the extent that the plaintiff contends that the ALJ's reliance on the opinions of the agency nonexamining consultants was misplaced because they "did not review a significant portion of the medical record[,]" Statement of Errors at 7, "[t]he sheer volume of unseen evidence, standing alone, does not undermine an ALJ's reliance on" such opinions, *Charles T. C. v. Saul,* No. 1:19-cv-00564-NT, 2020 WL 5370551, at *4 (D. Me. Sept. 7, 2020) (rec. dec., *aff'd* Sept. 28, 2020). To prevail on such an argument, a claimant must "specify what it is about or within each such exhibit that would require the state-agency physicians to come to different conclusions." *Bourret v. Colvin*, No. 2:13-cv-00334-JAW, 2014 WL 5454537, at *4 (D. Me. Oct. 27, 2014). The plaintiff identifies only the records of Drs. Bamberger and Mainen. *See* Statement of Errors at 7-10. Yet, the ALJ supportably deemed those records consistent with the limitations assessed by Drs. Marshall and Trumbull, explaining:

> Dr. Bamberger noted that he was able to review surveillance tapes which showed the [plaintiff] moving about quite freely doing various activities and running errands. After performing a personal examination, reviewing the surveillance tapes, and reviewing the [plaintiff]'s treatment record, Dr. Bamberger opined that the [plaintiff] is limited to performing light or medium duty work. [He] supported this limitation with his narrative description of his examination, and his observations regarding the rest of her record. This opinion is consistent with the [plaintiff]'s treatment record and has been found to be persuasive.

\*\*\*

> Dr. Mainen examined the [plaintiff] on several occasions, both during the period at issue and after her [DLI]. His opinion that she is limited to the light exertional level with some additional restrictions is well supported by both his physical examination notes and the [plaintiff]'s treatment record as a whole. It is additionally consistent with the opinion of Dr. Bamberger, and therefore has been found to be highly persuasive.

Record at 22-23 (citations omitted).

> The ALJ further generally explained:
>
> Although the [plaintiff]'s chronic pain is noted in her treatment record, her relatively mild findings on imaging studies, as well as her positive response to medication and injection therapy, support a finding that [she] was no more limited than the light exertional level [with the additional limitations set forth in the ALJ's RFC finding].

*Id.* at 21-22. The plaintiff disputes that she responded well to medication or injection therapy, asserting that Dr. Mainen found otherwise. *See* Statement of Errors at 12. In support of that proposition, she cites an April 9, 2008, report in which Dr. Mainen stated that the plaintiff had "responded poorly to epidural steroids" and "even more poorly to physical therapy[,]" suggesting that there was "a significant psychological overlay to her clinical presentation." *Id.* at 8 (quoting Record at 836). Yet, on October 14, 2008, Dr. Mainen effectively repudiated that evaluation after watching video surveillance footage that left him "no choice but to conclude that [the plaintiff had] been malingering." Record at 818-19.[3] Moreover, in summarizing the longitudinal record evidence, the ALJ identified instances prior to the plaintiff's DLI in which her symptoms had been noted to have improved with treatment. *Id.* at 21.

The plaintiff further describes "[t]he ALJ's focus on 'mild findings' on imaging studies [as] misplaced[,]" a proposition for which she quotes a discussion of somatic symptom disorder in

---

[3] As the plaintiff notes, *see* Statement of Errors at 8-9, Dr. Mainen issued another report following an evaluation of the plaintiff in 2015, *see* Record at 804-17, but that was well after the relevant period (ending in December 2010) had passed. The ALJ properly found that "treatment records and opinion evidence dating to the period of time after [the plaintiff's DLI] are not persuasive in assessing her functionality during the relevant period of time." Record at 22 (citations omitted).

6

American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* (5th ed. 2013) (*DSM-V*). Statement of Errors at 12. Somatization disorder is "a psychiatric condition in which an individual's suffering is authentic, whether or not it is medically explained." *Katherine R. H.*, 2020 WL 529689, at *1. Yet, while the plaintiff asked the ALJ to recognize a chronic pain syndrome, and the ALJ did so, the plaintiff did not claim to have a somatization disorder. In any event, regardless of the etiology of the plaintiff's pain (physical or psychological), both Drs. Mainen and Bamberger concluded after watching the surveillance videos that the plaintiff retained the capacity for at least light work.

Finally, as the commissioner argues, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 28) at 8-9, the ALJ did explain that she had taken the plaintiff's concentration difficulties into account. However, she deemed them mild, noting that no treating source had "expressed any concern regarding the [plaintiff]'s ability to follow her treatment plan and take her medications on a consistent and regular basis." Record at 18-19. Nor did any expert assess limitations to account for difficulties in concentration. *See id*. at 18-19, 22-23.

These facts materially distinguish both *Lisa Staples* and *Katherine R. H*. In *Lisa Staples*, the ALJ rejected opinions of agency nonexamining consultants in whole or in part "on the basis that they lacked the benefit of review of material later-submitted material evidence" and then "interpreted raw medical evidence to fill in that gap." *Lisa Staples*, 2017 WL 1011426, at *8. Here, the ALJ adopted the opinions of the agency nonexamining consultants, deeming evidence unseen by them (the Mainen and Bamberger reports) consistent with their opinions.

In *Katherine R. H*., the ALJ "purported to give great weight to the opinions" of two examining physicians – as it happens, Drs. Mainen and Bamberger – but ignored their material

7

findings that the claimant did suffer or may have suffered from a somatization disorder. *Katherine R. H.*, 2020 WL 529689, at *1. The ALJ further "purported to have credited the [claimant]'s subjective complaints to the maximum extent deemed reasonable" but seemingly could not have done so had she "fully accepted the Mainen and Bamberger opinions," leaving that "material issue unresolved." *Id*. at *3-4. In this case, by contrast, the ALJ *did* conclude that the plaintiff's chronic pain syndrome was a severe impairment but explained why that condition did *not* require additional or different functional limitations than those assessed by Drs. Marshall and Trumbull. *See* Record at 21-23.

Remand, hence, is unwarranted based on the ALJ's handling of the plaintiff's chronic pain syndrome.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 9th day of December, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge